UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL MILLER, )
 )
        Petitioner, )
v. ) Case No. 1:13-cv-913-SEB-TAB
 )
DUSHAN ZATECKY, )
 )
        Respondent. )

**Order to Habeas Petitioner to Show Cause
Why Action Should not be Dismissed as Untimely**

**I.**

**A.**

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

In most instances, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See *Griffith v. Kentucky,* 479 U.S. 314, 321 &

n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Pursuant to 28 U.S.C. ' 2244(d)(2), the running of this one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court. *See Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002).

**B.**

District Courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005). The habeas petition is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

**II.**

Michael Miller ("Miller") was convicted in 2003 in an Indiana state court of child molesting. Miller's direct appeal was resolved by the Indiana state courts on June 8, 2004, and his conviction was final on July 8, 2004, the time in which to seek transfer from the Indiana Court of Appeals' opinion affirming his conviction expired. Miller filed his petition for post-conviction relief on May 19, 2005. Miller's petition for post-conviction relief was denied on July 13, 2012. The Indiana Court of Appeals affirmed the denial of Miller's petition for post-conviction relief on March 26, 2013.

Miller filed a petition for writ of habeas corpus with the clerk on June 4, 2013. Miller contends in his habeas petition that his conviction is constitutionally infirm.

### III.

It appears that Miller's habeas petition was filed 70 days after the statute of limitations expired and hence was not timely filed. Miller shall have **through June 28, 2013**, in which to show cause why his petition for writ of habeas corpus should not be summarily dismissed as untimely pursuant to Rule 4.

**IT IS SO ORDERED.**

Date: 06/17/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Miller
No. 870857
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064